STATE OF NORTH CAROLINA v. KEVIN REID KENNEDY

No. 8126SC1434

(Filed 21 September 1982)

**Criminal Law § 80; Searches and Seizures § 32— intercepting incoming mail at prison facility — seizure of letter detailing robbery — motion to suppress properly denied**

The trial court did not err in denying defendant's motion to suppress a letter he wrote to a prison inmate housed in a high security area which detailed defendant's having committed the crime of armed robbery. Defendant removed the letter from Fourth Amendment protection when he mailed it to an individual he knew to be a prison inmate since he had no reasonable expectation of privacy and since the officer's search and seizure of the letter was reasonable under the circumstances.

Judge WELLS dissents.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 23 October 1981 in Superior Court, MECKLENBURG County. Heard in Court of Appeals 31 August 1982.

After the denial of his motion to suppress, defendant pleaded guilty to armed robbery and appealed, pursuant to G.S. § 15A-979, to this court from a judgment imposing a prison sentence of seven years as a committed youthful offender.

The evidence, adduced from the hearing on the defendant's motion to suppress, the record and the trial judge's findings of fact, reveals the following: In February, 1981 the defendant wrote and mailed a letter to Cornelius Brislin, an inmate of the Pied-

mont Correctional Center, a prison unit of the North Carolina Department of Corrections in Salisbury, North Carolina. The letter arrived at the Salisbury post office and was taken to the prison's mail room by a prison employee. At the mail room the letter was opened, along with all other incoming mail, and inspected for contraband.

After the mail room inspection, the mail belonging to Brislin was delivered to the officer in charge of the "intensive management area." Acting according to routine procedure, the officer opened Brislin's letter and examined it page by page to check for any contraband attached to the pages or hidden around the seals or underneath the stamps. While examining the letter, the officer noticed the words "20 gauge shotgun loaded" at the top of one of the pages and proceeded to read the entire letter. The letter described in detail defendant's having committed the crime of armed robbery. Without delivering the letter to Brislin, the officer gave the letter to Officer William Peay of the Charlotte Police Department. Based on the letter, a warrant was obtained for the defendant's arrest. The defendant was taken into custody and he gave a statement admitting that the robbery had occurred as described in the letter.

The defendant was charged in a proper bill of indictment. Following arraignment, the defendant moved to suppress the letter and the fruits of the letter on grounds that the letter's discovery and use violated the Fourth Amendment of the United States Constitution. Judge Snepp denied the motion, the defendant pleaded guilty and received a sentence of seven years as a committed youthful offender.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas G. Meacham, Jr. for the State, appellee.*

*Thomas D. Windsor for the defendant, appellant.*

HEDRICK, Judge.

The only issue which this court must decide in this case is whether the denial of defendant's motion to suppress was proper. The record discloses the defendant wrote and mailed a letter to a prison inmate then housed in a high security area. At the time the defendant wrote and mailed the letter in which he recounted

his criminal act, he was not in the custody of the State, but the letter in question was addressed to an inmate in a North Carolina prison unit as follows: "Cornelius Brislin, 977 Camp Road, Salisbury, N. C. 28144," the mailing address of the Piedmont Correctional Center.

As the defendant contends, the Fourth Amendment does, in some cases, prohibit search and seizure of mail. *Olmstead v. United States*, 277 U.S. 438 (1928). However, the Fourth Amendment protects only against unreasonable searches and seizures, *Terry v. Ohio*, 392 U.S. 1 (1968), and correctional authorities have a recognized right to make reasonable inspection of incoming mail to prison inmates, *Procunier v. Martinez*, 416 U.S. 396 (1974).

A key to determining the reasonableness of a search or seizure is the individual's expectation of privacy. For example, one who knowingly exposes an object to the public in his own home or office removes it from Fourth Amendment protection. *Katz v. United States*, 389 U.S. 347 (1967). Likewise in this case, and especially in light of the above stated law allowing prison officials to make reasonable inspections of inmates' incoming mail, the defendant removed the letter from Fourth Amendment protection when he mailed it to an individual he knew to be a prison inmate. The defendant not only sent the letter to a prison unit but placed the words "twenty gauge shotgun loaded" in clear view at the top of the fourth page. It was this phrase which caught the eye of the officer examining the prisoner's mail. These words along with a recently thwarted escape plan prompted the officer to read the entire letter. Therefore, not only did the defendant have no reasonable expectation of privacy, but also the officer's search and seizure of the letter was reasonable under the circumstances. He inadvertently uncovered the information in the process of examining the pages of the letter for contraband and read the letter only after detecting words that raised a reasonable suspicion of danger especially in a high security area which recently had discovered one escape plot.

We note that this is not an instance where a prisoner is complaining that his outgoing mail has been censored. The addressee has asserted no right nor made any complaint. This is a case where the author of a letter sent to an inmate in a penal institution is asserting that he had a protected reasonable expectation

of privacy under the Fourth Amendment. We hold that such an expectation of privacy is not warranted and cannot be recognized here. To the contrary, once the letter left the defendant's hand, headed for delivery to a prison unit, the defendant's expectation should at least have been that the letter would be opened and examined for contraband or any other noticeable characteristics which posed a threat to prison security. We find that the trial judge properly denied the motion to suppress.

Affirmed.

Judge ARNOLD concurs.

Judge WELLS dissents.